UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY L. COUPEL, et al.** | **CIVIL ACTION** |
| **Plaintiffs** | |
| **VERSUS** | **NO. 14-586** |
| **ANTHONY G. FALTERMAN,** | **SECTION "E"** |
| **Defendant** | |

### ORDER

This matter is before the Court pursuant to a motion filed by Defendant Anthony Falterman ("Falterman") seeking dismissal of the adversary proceeding/complaint filed by Debtors/Plaintiffs Larry and Natalie Coupel ("the Coupels") for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).[1] In the alternative, Falterman requests the Court to abstain from exercising its jurisdiction over this adversary proceeding.[2] For the following reasons, Falterman's motion is **DENIED**.[3]

### BACKGROUND

On September 18, 2010, the Coupels filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, codified in Title 11 of the United States Code.[4] The Coupels then filed an adversary proceeding/complaint against Anthony Falterman on October 17, 2013 claiming adverse possession of real property

---

[1] R. Doc. 6.
[2] *Id.*
[3] *Id.*
[4] *See* Chapter 13 Voluntary Petition filed in the U.S. Bankruptcy Court for the Eastern District of Louisiana, No. 10-13429, R. Doc. 1.

1

known as "the Triangle."[5] The Coupels filed a motion to withdraw the reference of the adversary proceeding/complaint from the Bankruptcy Court to the District Court pursuant to 28 U.S.C. § 157(d),[6] which was not opposed by Falterman.[7] The Court granted the Coupels's motion, without deciding whether the Court should exercise jurisdiction over this matter.[8]

On July 15, 2014, Falterman filed this 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction and to abstain.[9] He argues the Court does not have subject-matter jurisdiction over this proceeding because it is not a "core" bankruptcy proceeding; rather, it a boundary claim concerning real property that the Coupels did not list as an asset in their Schedule A.[10] Falterman has not made a claim in the bankruptcy proceeding and is not a party other than by virtue of being a defendant in this proceeding.[11] To the extent the Court finds jurisdiction exists, Falterman argues the Court should abstain from exercising jurisdiction.[12] The Coupels filed an opposition to Falterman's motion to dismiss and to abstain arguing that this is a "core" proceeding because it concerns the administration of the Debtors' subject property and the exact property of the estate, and that even if it is considered to be a "non-core" proceeding, it should still be heard by this Court because it is "otherwise related to a case under title 11."[13]

---

[5] *See* Adversary Proceeding filed in the U.S. Bankruptcy Court for the Eastern District of Louisiana, No. 13-01098, R. Doc. 1.
[6] R. Doc. 1.
[7] R. Doc. 3.
[8] *Id.*
[9] R. Doc. 6.
[10] *Id.*
[11] *Id.* at p. 1.
[12] R. Doc. 6.
[13] R. Doc. 8.

**LAW AND ANALYSIS**

In this case, the Court must decide first whether bankruptcy jurisdiction exists. Once the Court establishes that it has jurisdiction, it can then determine whether it should abstain from hearing this matter.

### *A. Bankruptcy Jurisdiction*

Title 28, United States Code, Section 1334 confers original jurisdiction over bankruptcy cases and proceeding on the district courts.[14] There are four types of bankruptcy matters over which the district courts have jurisdiction: (1) "cases under title 11", (2) "proceedings arising under title 11", (3) proceedings "arising in" cases under title 11, and (4) proceedings "related to" cases under title 11.[15] Bankruptcy courts obtain jurisdiction by referral at the discretion of the district courts.[16] In this district, Local Rule 83.4.1 provides that bankruptcy cases and proceedings are automatically referred and transferred to the bankruptcy judges of this district.[17]

The Court granted the Coupels's unopposed motion to withdraw the reference;[18] thus, the Coupels's adversary proceeding is properly before the Court. Falterman contends the Court does not have jurisdiction to hear this matter. Because this is not a case under Title 11, this adversary proceeding must be a proceeding arising under title 11, or arising in or related to a case under title 11 for the Court to have bankruptcy jurisdiction.[19] The Fifth Circuit has stated: "Legislative history indicates that the phrase 'arising under title 11, or arising in or related to cases under title 11' was meant, not to

---

[14] 28 U.S.C. § 1334.
[15] *Id. See Wood v. Wood (In re Wood)*, 825 F.2d 90, 92 (5th Cir. 1987).
[16] 28 U.S.C. § 157(a).
[17] "All cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are transferred by the district court to the bankruptcy judges of this district. As set forth in *28 U.S.C. 157(b)(5)*, personal injury tort and wrongful death claims must be tried in the district court." LR 83.4.1.
[18] R. Doc. 3.
[19] 28 U.S.C. § 1334(b).

3

distinguish between different matters, but to identify collectively a broad range of matters subject to the bankruptcy jurisdiction of federal courts," and "that this grant of jurisdiction . . . was broad."[20]  Thus, the Court need not distinguish between these three categories at this stage because they "operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy."[21]

A matter is at least related to the bankruptcy if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy."[22] Using this broad test, the Court finds the outcome of this matter could conceivably have an effect on the administration of the Coupels's estate in bankruptcy. The Coupels purchased their property before filing for bankruptcy and listed it as an asset of the bankrupt estate. They claim in this adversary proceeding that they are the owners of the Triangle, property that borders theirs. Consequently, the outcome of this adversary proceeding could conceivably impact the size and value of the Coupels's property forming part of the bankrupt estate, making this matter "related to" the title 11 case.[23] Thus, the Court has bankruptcy jurisdiction over this matter,[24] and Falterman's motion to dismiss for lack of subject-matter jurisdiction is denied.

### B. Abstention

Falterman argues that, even if the Court has jurisdiction, the Court should

---

[20] *In re Wood*, 825 F.2d at 92.
[21] *Id.* at 93.
[22] *Id.* (internal quotation marks and citation omitted).
[23] *See id.* at 94 ("Although we acknowledge the possibility that this suit may ultimately have no effect on the bankruptcy, we cannot conclude, on the facts before us, that it will have no *conceivable* effect.").
[24] Both parties brief the issue of whether this is a core and non-core proceeding when analyzing whether this Court has jurisdiction. However, whether this proceeding is core or non-core is irrelevant with respect to whether this Court has jurisdiction, as the distinction between core and non-core proceedings relates to the power of bankruptcy courts. *See* 28 U.S.C. § 157; *In re Wood*, 825 F.2d at 95. This matter is not before the Bankruptcy Court; rather, it is before the District Court since the reference was withdrawn. R. Doc. 3.

abstain from exercising that jurisdiction over this action. There are two forms of abstention: mandatory and permissive.[25] Under 28 U.S.C. § 1334(c)(2), district courts must abstain from exercising jurisdiction over certain state law claims ("mandatory abstention"), and under § 1334(c)(1), they may abstain from certain proceedings "in the interest of justice, or in the interest of comity with State courts or respect for State law" ("permissive abstention").[26]

"Courts must abstain from hearing a state law claim if the following requirements are met: (1) The claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related to a case under title 11 but does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court."[27] Falterman concedes in his motion that mandatory abstention "may not apply as no state court proceeding presently exists between any of the heirs of Falterman's father and Coupel, and thus no state court action has been 'commenced.'"[28] Although the Coupels filed an action in state court before filing their bankruptcy petition in which they similarly claim ownership of property bordering theirs, Falterman is not a party to that action. Thus, mandatory abstention is not applicable.

Falterman argues that even if mandatory abstention is not applicable in this case, the Court should abstain under the permissive abstention provision.[29] Under 28 U.S.C. §

---

[25] *See* 28 U.S.C. § 1334(c).
[26] 28 U.S.C. § 1334(c)(1), (2).
[27] *Matter of Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997) (citing *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996); 28 U.S.C. §§ 1334(c)(2), 157(b)(1)).
[28] R. Doc. 6-1 at pp. 4-5.
[29] *Id.* at p. 5. Although the Coupels argue in their opposition that mandatory abstention does not apply in this case, the Coupels do not brief whether or not the Court should permissively abstain from hearing this action. R. Doc. 8. The Court notes that Falterman mainly argues in his motion that mandatory abstention should apply; however, he also states: "Alternatively the court should abstain under section 1334(c)(1)." R. Doc. 6 at p. 2; R. Doc. 6-1 at p. 5.

1334(c)(1), "courts have broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'"[30] In considering whether to permissively abstain, the court may consider several nonexclusive factors:

> 1) effect of lack thereof on efficient administration of the estate if the court abstains;
> 2) extent to which state law issues predominate over bankruptcy issues;
> 3) difficulty or unsettled nature of applicable state law;
> 4) presence of related proceeding commenced in state court or other nonbankruptcy court;
> 5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334k;
> 6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
> 7) substance rather than form of asserted "core" proceeding;
> 8) feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to bankruptcy court;
> 9) burden of court's docket;
> 10) likelihood that commencement of proceeding in bankruptcy court involved forum shopping;
> 11) existence of right to jury trial; and,
> 12) presence in proceeding of nondebtor parties.[31]

Upon considering the factors above and the circumstances of this case, the Court declines to abstain from hearing the Coupels's adversary proceeding. The subject matter of this proceeding is an ordinary boundary dispute over the ownership of certain real property; this is not a case involving difficult or unsettled state laws. Additionally, the Court finds that efficiency dictates litigating the adversary proceeding and the bankruptcy case in the same forum. The Court finds the estate would be administered more efficiently with a timely resolution of this adversary proceeding. Accordingly,

---

[30] *Id.* at 1206 (citing *In re Wood*, 825 F.2d 90, 93 (5th Cir.1987) (noting that § 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case")).
[31] *Marks Paper Co. v. Rosenbloom*, No. 07-6171, 2008 WL 718154, at **1–2 (E.D. La. Mar. 13, 2008) (Lemmon, J.).

Falterman's motion to abstain is denied.

### C. Reference to the Bankruptcy Court

The Court previously granted the Coupels's unopposed motion to withdraw this case. "The district court may withdraw, in whole or in part, any case or proceeding referred under [§ 157], on its own motion or on timely motion of any party, for cause shown."[32] In determining whether cause has been shown, the Fifth Circuit has articulated several factors for the district court to consider: (1) whether the matter is a core or a non-core proceeding, (2) whether the proceedings involve a jury demand, and (3) whether withdrawal would further the goals of promoting uniformity in bankruptcy administration, limiting forum shopping, fostering the economical use of the parties' resources, and (d) expediting the bankruptcy process.[33]

Although the Court previously withdrew the reference with respect to the entirety of this proceeding, upon considering the instant motion, the Court finds that a partial reference to the Bankruptcy Court is appropriate at this time in the interest of conserving resources and reaching an expeditious resolution. Thus, the Court refers this matter to the Bankruptcy Court for all pretrial proceedings and for a report and recommendation on all dispositive motions. The Court will issue final orders on dispositive motions and, if necessary, conduct the trial of this matter. However, in light of the Court's ruling and the fact that neither party has made a jury demand, the Court encourages the parties to reconsider whether they consent to having the Bankruptcy Judge conduct the trial of this adversary proceeding. The Court may choose to refer the trial of this matter to the Bankruptcy Court should it find that action is appropriate once

---

[32] 28 U.S.C. § 157(d).
[33] *See Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 998 (5th Cir. 1985).

discovery has concluded and dispositive motions have been decided.[34]

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Falterman's motion to dismiss for lack of subject-matter jurisdiction and to abstain is **DENIED**.[35]

**IT IS FURTHER ORDERED** that this matter is **REFERRED** to the Bankruptcy Court for all pretrial matters and for the provision of a report and recommendation to the District Court on all dispositive motions.

New Orleans, Louisiana this 9th day of March, 2015.

*Susie Morgan*
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[34] *See In re Tasch, Inc.*, No. 97-15901, 2001 WL 1112656, at *1 (E.D. La. Sept. 21, 2001) (referring a matter back to the bankruptcy court after learning the parties intended to proceed without a jury).
[35] R. Doc. 6.